## 30898. MATTHEWS et al. v. THE STATE.

HILL, Justice.

Robert Matthews, Jr., and Howard Matthews were tried for seven crimes committed in connection with a bank robbery and were convicted on three counts. The jury found the two men guilty of armed robbery, burglary and motor vehicle theft. The defendants appeal raising as error the overruling of their motion to suppress evidence obtained by use of search warrants, alleging that they were denied a fair trial, and contending that the evidence was insufficient to support the convictions.

At trial the state presented nineteen witnesses; no witnesses testified on behalf of the defendants. From the evidence presented the jury was authorized to find that at 8:00 a.m. on July 24, 1975, the branch manager of a bank in Cobb County opened the bank and was accosted by two armed and masked men who had entered the bank through the roof and were waiting inside. One of the men demanded the keys to the manager's car and asked what time the other employees usually arrived.

A few minutes later the head teller arrived. The two men forced the manager and the teller to open the combination lock on the vault and to open the cabinet drawers. Then the employees were locked in the rest room. The next two employees who arrived were also put in the rest room.

At 8:20 two employees who had just parked in the parking lot of the bank were stopped by two black men who got out of the bank manager's car and who demanded their car keys. The robbers drove off in a Toyota belonging to one of these employees. The two women ran to the bank door and when no one let them in they went to a nearby service station to call the police.

The bank manager was unable to identify the robbers, but he did give the police a general description of the men's age, height, and build. The head teller picked out Robert Matthews, Jr., at a lineup and she also identified him at trial. One of the other employees who was locked in the rest room by the robbers identified both defendants at a lineup and also in court. One of the women who was stopped in the parking lot identified Robert

Matthews at a lineup and at trial.

At trial a passerby testified that he had noticed a white Ford van parked a few blocks from the bank at 8:00 or 8:05 on the morning of the robbery. A few minutes later he drove by again and saw a police car and a policeman examining a Toyota. He stopped to tell the police about the van, which was gone. The police put out a radio call describing the van.

An FBI agent observed a white van which fit the description at about 8:45 that morning approximately 11 miles from the bank. He recorded the license numbers and saw that it was occupied by two black males.

A check of the license registration showed that the van was owned by Robert Matthews, Jr. After considerable investigation of this and five earlier bank robberies, FBI agents obtained federal search warrants for the home of Robert Matthews and the home of Howard Matthews, his brother. In Howard Matthews' home they found $47,000 in two padlocked trunks. Some of the money was bound by wrappers with the bank's name on them. The keys to the trunks were found on Howard Matthews when he was arrested.

1. The defendants cite as error the trial court's overruling the motion to suppress evidence obtained as a result of the federal search warrants. They contend that there was not probable cause for the issuance of the search warrants because the information contained in the affidavit presented to the judge is hearsay from unidentified persons who are not described as reliable informers nor are the underlying circumstances set out.[1]

The defendants argue that under Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969), the search warrants issued in this case must fall because of the insufficiency of the affidavit on which they were based.

---

[1]The state has not raised, and hence we do not consider, the propriety or impropriety of state court review of search warrants issued by federal authorities. The defendants have urged that the search warrants as to both of them were defective for the reason assigned and we proceed on that basis.

In Spinelli an essential part of the supporting affidavit stated that the FBI "has been informed by a confidential reliable informant" that Spinelli was engaging in gambling activities by use of specified telephones at the place to be searched. Spinelli, supra, p. 414. The United States Supreme Court found that the informer's report failed to satisfy the two pronged test set forth in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), in that although the FBI agent swore that his confidant was "reliable," no reason was given to the magistrate to support this conclusion and "[t]he tip does not contain a sufficient statement of the underlying circumstances from which the informer concluded that Spinelli was running a bookmaking operation." Spinelli, p. 416.

This case is quite different from Spinelli in that the affidavit is not based on an informer's tip. The affidavit sworn to by an FBI agent describes six bank robberies in the Atlanta metropolitan area within ten weeks. Each of the banks had been entered through ducts from the roof during the night so that the robbers were waiting for the employees in the morning. The five most recent robberies involved two robbers described by the bank employees as black males with thin builds in their midtwenties wearing masks. One was described as 5'6" to 5'9" in height, the other from 5'10" to 6'0." In each case the robbers made their getaway in an employee's car and in four of the robberies they then switched to a white Ford van.

The affidavit also showed that an FBI agent, responding to a police all-points bulletin, had seen a white Ford van with two black males in it at 8:45 a.m. on July 24, 1975; that the Georgia license tag was WG-3629; that this tag was registered in the name of Robert Matthews of an Atlanta address; that Robert Matthews and his brother Howard fit the general description of the men involved in the six robberies; that latent fingerprints of Robert Matthews were found on the roof at the access point of one of the banks robbed earlier; that both Robert Matthews and Howard Matthews had been convicted of burglary; and that a victim from each of three of the robberies had identified a photograph of Robert Matthews.

The final paragraph of the affidavit reads: "The foregoing information was obtained by affiant through personal investigation, viewing of official files, and questioning of witnesses, and from information obtained from other law enforcement and official agencies and fellow FBI Agents who have assisted in conducting this investigation."

In Aguilar the Supreme Court recognized that an affidavit may be based on hearsay as long as the magistrate is given some of the underlying circumstances to support the affiant's conclusions and to support his belief that his information was reliable. Here the affidavit showed the underlying facts. In this case the information either came from personal knowledge of the affiants or from other law enforcement officers; no informants were involved.

The affidavit was not deficient for failure to specify the underlying circumstances and therefore the trial court did not err in overruling the motion to suppress. United States v. Ventresca, 380 U. S. 102 (85 SC 741, 13 LE2d 684) (1965); *Dudley v. State,* 228 Ga. 551, 560 (186 SE2d 875) (1972).

2. The defendants further contend that they were denied a fair trial as guaranteed by the Constitution because of several adverse rulings by the trial judge and a variance between the allegata and probata.

We have examined each contention and find no reversible error, either considering them separately or collectively. The indictment charged the taking of $105,844 while the bank records introduced at trial indicated that, in fact, only $105,745 was missing. This is not a fatal variance. *Bell v. State,* 227 Ga. 800 (1) (183 SE2d 357) (1971); *Colton v. State,* 231 Ga. 502 (202 SE2d 444) (1973). See also *Dobbs v. State,* 235 Ga. 800 (221 SE2d 576) (1976). The fact that only $47,000 was recovered does not create a variance.

3. The final enumeration of error is that the evidence was insufficient to support the jury's findings of guilty. Defendants contend that the evidence as to their identity was insufficient since not all the victims were able to positively identify them.

Three of the bank employees identified Robert

Matthews as one of the robbers. One of the victims also identified Howard Matthews. The general description given by the other employees fit the defendants. In addition, there was evidence of $47,000 identified as having been taken from the Cobb County bank and found in footlockers in the home of Howard Matthews within 24 hours of the robbery. The keys to the footlockers were found in Howard Matthews' pocket when he was arrested. We find this adequate evidence to support the verdicts.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1976 — DECIDED MAY 17, 1976.

*Murray M. Silver,* for appellants.

*George W. Darden, District Attorney, Michael Stoddard, Assistant District Attorney,* for appellee.