A91A0620. CHASTAIN v. THE STATE.
(408 SE2d 421)

McMURRAY, Presiding Judge.

Defendant was convicted of trafficking in cocaine. He appeals following the denial of his motion for a new trial. *Held*:

1. Defendant submitted a written request for a charge on "good character." Taking the stand, defendant testified, inter alia, that he

was awarded custody of his minor children; that they had been in his custody for three years; that he had never been convicted of a cocaine offense; that he had never been convicted of a drug offense; and that he received only one traffic ticket (for speeding) 20 years previously.

Stating that defendant's testimony would entitle the State to introduce evidence of bad character, the trial court nevertheless refused to charge the jury on "good character." Defendant enumerates error on the trial court's refusal to give a "good character" charge.

In *Braddy v. State*, 172 Ga. App. 386 (323 SE2d 219), aff'd *State v. Braddy*, 254 Ga. 366 (330 SE2d 338), defendant testified that he was an active church member and that he had never been charged with or convicted of a criminal offense. Based on his testimony, that defendant requested a charge on good character. The trial court ruled that defendant's testimony opened the door for bad character evidence. Nevertheless, the trial court refused to give a good character charge. Finding that defendant clearly elected to place his good character in issue, a majority of this Court and the Supreme Court of Georgia held that the trial court erred by failing to give a "good character" charge. *Braddy v. State*, 172 Ga. App. 386, supra, aff'd *State v. Braddy*, 254 Ga. 366, supra.

*Braddy* is controlling here. It is clear that, as in *Braddy*, defendant in the case sub judice elected to place his character in issue. He even requested a charge on good character. Moreover, as in *Braddy*, the trial court recognized that defendant's testimony opened the door to bad character evidence. It cannot be said, therefore, that defendant inadvertently placed his character in issue. Compare *Jones v. State*, 257 Ga. 753 (363 SE2d 529). The trial court erred in failing to charge the jury on good character. *State v. Braddy*, 254 Ga. 366, supra. Defendant must be tried again.

2. In his second enumeration of error, defendant contends the trial court erred in denying his motion to suppress evidence. In this regard, he takes the position that the affidavit for the search warrant was insufficient because the affiant based the affidavit on information he received from other police officers. This contention is without merit. " 'Observations by fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.' United States v. Ventresca, 380 U. S. 102, 111 (85 SC 741, 13 LE2d 684) [(1965)]. See also *Matthews v. State*, 236 Ga. 867, 870 (225 SE2d 896) (1976)." *Mitchell v. State*, 239 Ga. 456, 458 (238 SE2d 100).

*Judgment reversed. Sognier, C. J., concurs. Andrews, J., concurs specially.*

ANDREWS, Judge, concurring specially.

I concur because, as stated by the majority, *Braddy v. State*, 172

Ga. App. 386 (323 SE2d 219), aff'd *State v. Braddy*, 254 Ga. 366 (330 SE2d 338), is controlling here. I must state, however, that *Braddy*, as applied to the facts of this case, trivializes the "good character" defense.

DECIDED JUNE 5, 1991 —
RECONSIDERATION DENIED JULY 15, 1991 — 

*Chance, Maddox & Smith, David K. Smith*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Sharon A. Moyer, Assistant District Attorneys*, for appellee.