A95A2449. ETIENNE v. THE STATE.
(464 SE2d 396)

JOHNSON, Judge.

Moncito Etienne appeals from his conviction of possession of cocaine with intent to distribute and the denial of his motion for new trial.

Etienne was arrested in January 1990 after a confidential informant told police that three men in a dark blue GMC Jimmy with a Florida tag were in possession of cocaine. Police were also told that the men were from Miami, and that after they were finished eating in a fast food restaurant they would be heading south on Interstate 95. Acting on this information, police identified the vehicle, waited for the men to get back en route, and then stopped them. Etienne was

driving and gave police permission to search the car. Using a screw-driver found in the car, police opened a strip of molding between the windshield and the front passenger seat where they found cocaine. When asked to empty his pockets at the police station following his arrest, Etienne produced more cocaine.

1. Etienne asserts the trial judge erred in refusing to give his written request for a charge to the jury on good character. Etienne asserts that he was entitled to such a charge because good character was his principal defense and because he asserted several times during his testimony that he had a clean record. In *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985), the defendant testified that he was a church member, taught Sunday School, was an associate minister of youth at his church, and had never been charged with or convicted of a crime. This testimony was allowed as evidence of good character instead of testimony regarding his reputation in the community. The Supreme Court held that the defendant was entitled to a charge on good character after he testified regarding specific acts which he believed established his good character, holding that "[c]onduct reveals character as accurately as reputation does." Id. at 367. Generally, "[d]irect examination to prove the character of the accused must be limited to questions concerning his general reputation in the community in which he lives. The rule in Georgia is that good character may be proved only by testimony of a witness as to the reputation of the person whose character is in issue." *Cunningham v. State*, 182 Ga. App. 591 (356 SE2d 542) (1987). This evidence necessarily comes in through witnesses other than the defendant because "the law recognizes that [a defendant's] own testimony [about his actual character] is self-serving and likely to be biased when he is testifying about it as a person accused of crime. Thus the law casts about for another source of evidence as to a person's character. It looks to what other people, who have a basis for knowing the defendant, think his character is. It rejects the opinion of individuals because of a myriad of undetectable influences on that one person which will in all probability give a skewed perspective and a narrow view. It accepts instead the congregate opinion, the collective opinion of the many who have dealt with the defendant directly or gained knowledge of him indirectly." *Taylor v. State*, 176 Ga. App. 567, 571-572 (3) (336 SE2d 832) (1985). *Braddy*, supra, created a second method for introducing good character evidence so as to entitle a defendant to a jury charge on good character; a defendant's testimony regarding his own conduct. In this case, however, Etienne gave us no examples of conduct tending to prove his good character, unless we consider his declarations that he had a clean record standing alone to constitute a course of conduct

exemplifying his good character.[1] This case presents us with precisely the problem anticipated by Chief Justice Hill in his dissent in *Braddy*. That is, how many instances of good acts as recounted by the defendant will entitle him to a charge on good character? And further, what type of behavior constitutes such good deeds? In *Chastain v. State*, 200 Ga. App. 473 (408 SE2d 421) (1991), upon which Etienne relies, the defendant took the stand and testified that he had been awarded custody of his minor children, that he had never been convicted of a drug offense and had only one traffic ticket. This Court, citing *Braddy*, reversed the conviction because the trial court declined to give the defendant's requested charge on good character. Did any of Chastain's examples of good conduct really constitute valid indicia of good conduct? The award of child custody to Chastain could well have been more a reflection of the character of the mother of the children than his own. Examples of his performance as a parent would certainly have been more probative evidence of good character. We agree with Judge Andrews' assessment of the evidence in his special concurrence; the application of *Braddy* to the facts of *Chastain* "trivializes the 'good character' defense." *Chastain*, supra at 475.

In this case, there was no evidence regarding any specific good conduct and a trial court is not obligated to give a charge not authorized by the evidence. *Kimble v. State*, 209 Ga. App. 36, 38 (2) (432 SE2d 636) (1993). The trial court did not err in refusing to give Etienne's requested charge on good character.

2. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence." (Citations and punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993). Contrary to Etienne's assertion that the evidence was insufficient to support his conviction, we find the evidence presented at trial sufficient to authorize the jury to find Etienne guilty of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *O'Neal v. State*, 211 Ga. App. 741, 742 (1) (440 SE2d 513) (1994).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 16, 1995.

*Timothy L. Barton*, for appellant.

---

[1] In fact, Etienne had been arrested, but not convicted, twice between the time of the offense charged in this case and trial.

*W. Glenn Thomas, Jr., District Attorney, Carol L. Stokes, Assistant District Attorney*, for appellee.