STATE of North Dakota, Plaintiff
and Appellee,

v.

Todd L. TROSEN, Defendant
and Appellant.

Criminal No. 950296.

Supreme Court of North Dakota.

May 14, 1996.

Warren D. Johnson, Jr., Assistant State's Attorney, Grand Forks, for plaintiff and appellee. Argued by Faye A. Jasmer, Third Year Law Student.

Robin L. Olson, Grand Forks, for defendant and appellant.

SANDSTROM, Justice.

Todd Trosen appeals from a judgment of conviction for theft by deception in violation of N.D.C.C. § 12.1–23–02(2). We affirm.

I

In early 1993, Operation Transition Foundation (OTF), a nonprofit corporation, running a halfway house in Grand Forks, hired Trosen, an accountant, to perform an audit. OTF paid Trosen $500 for the audit.

In May 1993, at OTF's request, Trosen submitted a bid to perform general accounting services for $70 per month, or $210 per

quarter. OTF accepted the bid. Because OTF policy allowed only board members to sign checks, Trosen became a member of the board of directors. Thereafter, he performed OTF's accounting and bookkeeping services, including writing checks on OTF's account to pay OTF's bills.

Because OTF's checking account required two board members to sign each check, Trosen would have another board member sign a number of blank checks. Trosen would then fill out the checks and provide the second signature. Trosen used this procedure to pay his own fees billed to OTF. Trosen kept all of OTF's financial records in his office. Thus, Trosen would submit to himself an invoice for his services for OTF, pay it with an OTF check, and file the invoice and canceled check in OTF's records in his office. No one else from OTF received or saw the invoices or canceled checks.

In 1994, OTF hired Peggy Raymond, another accountant, to audit its books. Raymond discovered numerous suspicious payments to Trosen. Her audit showed between May 1993, when he was hired, and January 1994, Trosen billed OTF and wrote checks to himself for eight quarters of accounting fees at $210 per quarter. Trosen also billed OTF and wrote checks to himself for various other fees and expenses, including postage, supplies, correspondence, payroll expense, and grant-writing.

Raymond concluded Trosen had overbilled OTF by $2,000, and reported these irregularities to OTF. OTF then contacted the police. After an investigation, Trosen was charged with theft by deception of approximately $2,000, a class C felony. A jury of twelve found Trosen guilty. Trosen appealed.

The trial court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). This Court has jurisdiction under N.D. Const. Art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06(2).[1] Trosen's appeal was timely under N.D.R.App.P. 4(b) and N.D.R.Crim.P. 37(b)(1).

## II

Trosen asserts the evidence at trial was insufficient to support the verdict.

 To successfully challenge the sufficiency of the evidence on appeal, the defendant must convince us the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *State v. McKinney*, 518 N.W.2d 696, 699 (N.D.1994). We do not resolve conflicts in the evidence, determine the credibility of witnesses, or weigh the evidence. *McKinney* at 699. We merely review the record to determine if there is competent evidence which allows the jury to draw an inference reasonably tending to prove guilt, and fairly warranting a conviction. *McKinney* at 699–700. A conviction rests upon insufficient evidence only when no rational factfinder, after viewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all reasonable inferences, could find the defendant guilty beyond a reasonable doubt. *State v. Vance*, 537 N.W.2d 545, 549 (N.D.1995).

### A

 Trosen was charged with theft by deception under N.D.C.C. § 12.1–23–02(2), which provides a person is guilty of theft if he:

"Knowingly obtains the property of another by deception ... with intent to deprive the owner thereof, or intentionally deprives another of his property by deception...."

Theft is a class C felony if the value of the property stolen exceeds $500. N.D.C.C. § 12.1–23–05(2)(a).

Trosen asserts the evidence is insufficient to prove he was not entitled to charge extra fees for work beyond that covered by the contract for basic accounting services. He alleges the State never introduced evidence of the precise terms of his contract with OTF

1. Trosen's Notice of Appeal states he is appealing from the "Judgment and Conviction entered August 31, 1995." The document entered on that date is entitled "Order Suspending Imposition of Sentence." No separate judgment of conviction

was entered. The order, however, complies with the requirements of N.D.R.Crim.P. 32(b) for criminal judgments, and therefore serves as the judgment of conviction. Thus, the appeal is properly before us.

or what services were included for the $210 quarterly fee. He thus alleges he was entitled to extra fees for postage, supplies, correspondence, and grant-writing.

Even if we agreed with Trosen's assertion the evidence was insufficient to show theft by deception for such fees, the record still contains uncontradicted evidence of theft of more than $500. It was undisputed Trosen billed and paid himself from OTF's funds for eight quarters of accounting fees, at $210 per quarter, in the period between May 1993 and January 1994. Trosen's counsel conceded at oral argument Trosen double-billed for "three or four" quarters. Double-billing for three or four quarters, at $210 per quarter, supports conviction of theft in excess of $500.

### B

■ Trosen also asserts the evidence does not support a finding of deception under N.D.C.C. § 12.1–23–02(2).

■ "Deception" is defined, in pertinent part, in N.D.C.C. § 12.1–23–10(2):

"2. 'Deception' means:

"a. Creating or reinforcing a false impression as to fact, law, status, value, intention, or other state of mind; ... but deception as to a person's intention to perform a promise may not be inferred from the fact alone that the person did not substantially perform the promise unless it is part of a continuing scheme to defraud; or

\* \* \* \* \*

"g. Any other scheme to defraud...."

Under this statutory definition, deceptive intent may be inferred from breach of a contract when the breach is part of a continuing scheme to defraud. *State v. Hersch,* 445 N.W.2d 626, 635 (N.D.1989).

Viewing the evidence in the light most favorable to the verdict, the record shows Trosen billed for eight quarters of accounting fees in a nine-month period. He had another board member sign blank checks, then Trosen made the checks payable to himself and provided the required second signature. Trosen then filed the invoices and canceled checks in OTF's records stored in his office, and never showed those records to any other representative of OTF. From this pattern of conduct, a rational factfinder could find a continuing scheme to defraud. On this record, the jury could draw inferences reasonably tending to prove guilt of theft by deception, and fairly warranting a conviction. *See McKinney* at 699–700.

### III

■ Closely related to Trosen's sufficiency of the evidence argument is his assertion this was a civil matter, not a criminal matter. Curiously, Trosen did not cite the two North Dakota cases which have recognized a criminal action is inappropriate to resolve a legitimate civil dispute. *See State v. Brakke,* 474 N.W.2d 878 (N.D.1991); *State v. Meyer,* 361 N.W.2d 221 (N.D.1985). In *Brakke,* this Court held, where there was a legitimate dispute as to ownership of growing crops, a criminal action for theft and attempted theft of the crops was an inappropriate method to resolve the ownership issue. Accordingly, judgments of conviction were reversed. Similarly, in *Meyer,* this Court held, where there was a legitimate dispute whether a road had become a public road by prescription, criminal action for obstruction of a public road was inappropriate. Again, this Court reversed the judgment of conviction.

Trosen's argument is premised on his assertion there was a contractual dispute on whether "extra duties" were to be compensated, or were included in the basic accounting fees. Although, under *Brakke* and *Meyer,* this might arguably constitute a legitimate contractual dispute better suited for resolution in a civil matter, Trosen's argument ignores the uncontradicted evidence of a continual pattern of double-billing. There is no legitimate contractual dispute over Trosen billing and paying himself for eight quarters of work in a nine-month period. Trosen offers no explanation how his pattern of double-billing is appropriate for resolution in a civil matter. A contractual dispute is not created by the fact an employee who believes the time and service devoted to the employer merit increased compensation, increases that compensation without the knowledge of the employer.

Furthermore, *Hersch* makes clear a breach of contract which is part of a continuing scheme to defraud may constitute theft by deception. This Court rejected Hersch's argument his conduct "was only a breach of contract and not a crime." *Hersch* at 635. We conclude criminal charges were appropriate here, where Trosen's pattern of double-billing was not a legitimate contractual dispute.

## IV

■ Trosen asserts the trial court erred in allowing Peggy Raymond to testify as an expert in the field of accounting.

Admission of expert testimony is governed by N.D.R.Evid. 702:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

■ Whether a witness is qualified as an expert and whether the testimony will assist the trier of fact are decisions within the sound discretion of the trial court. *Horstmeyer v. Golden Eagle Fireworks*, 534 N.W.2d 835, 837 (N.D.1995). The trial court's determination to admit expert testimony will not be overturned on appeal unless the court has abused its discretion. *Butz v. Werner*, 438 N.W.2d 509, 513 (N.D.1989). Rule 702 envisions generous allowance of the use of expert witnesses when the witness is shown to have some degree of expertise in the relevant field. *Horstmeyer* at 837.

Trosen asserts Raymond was not sufficiently qualified to testify as an expert. Raymond testified she was employed as an accountant, had a degree in accounting, had taken courses in auditing, and in her employment performed audits and other accounting services. Based upon Raymond's "knowledge, skill, experience, training, [and] education" in accounting, the trial court did not abuse its discretion in allowing Raymond to testify as an expert.

## V

■ Trosen asserts the trial court committed reversible error in refusing to give the following requested instruction:

"A drawer is a person who signs a draft (check) as a person ordering payment of the draft (check)."

This instruction is a nearly verbatim restatement of N.D.C.C. § 41–03–03(1)(c) [U.C.C. § 3–103]. Trosen asserts this statute provides a defense because it demonstrates the disputed payments were authorized by OTF.

The uncontradicted facts in the record show the disputed checks were signed by another OTF board member, Gary Sondreal, and Trosen. Sondreal testified Trosen would bring a number of blank checks to him, stating he needed them to pay OTF's bills. Sondreal would sign the blank checks, allowing Trosen to fill out the amount and payee later. Sondreal testified he never saw the invoices showing what Trosen paid himself for accounting and other services.

Trosen argues Sondreal's signature on the checks shows the payments were authorized by OTF:

"If Sondreal signed the checks, he therefore authorized payment of the check.

\* \* \* \* \*

"... Defendant sought the instruction of 'drawer' to show that Defendant was authorized and was not being deceptive. The instruction went to the very essence of the defense to negate the element of deception and authorization...."

On the undisputed facts, N.D.C.C. § 41–03–03(1)(c) provides no defense to the charge of theft by deception. Under Trosen's theory, once Sondreal signed the blank check, Trosen was free to fill out any amount to himself and it could not be theft, because Sondreal's signature authorized the payment under N.D.C.C. § 41–03–03(1)(c). In fact, Trosen's theory is so broad any con artist or swindler who received payment by check would have a defense to theft charges because the drawer's signature on the check would authorize the payment. We do not construe statutes to reach absurd results.

*E.g., State v. Erickson,* 534 N.W.2d 804, 807 (N.D.1995).

N.D.C.C. § 41–03–03(1)(c) does not affect the authorization or deception of the payments where, as here, the "drawer" in question signed blank checks with the expectation the co-drawer would use the checks to pay legitimate expenses. The gravamen of the offense is the breach of fiduciary duty which occurred when Trosen used those blank checks with Sondreal's signature to pay himself amounts clearly in excess of authorized amounts, especially under circumstances where no one else from OTF ever saw the invoices or checks. The trial court correctly ruled N.D.C.C. § 41–03–03(1)(c) provided no defense and was not relevant. Accordingly, the court's refusal to give the requested instruction was not reversible error.

## VI

■■■ Trosen challenges the trial court's jury instructions, alleging they were inconsistent and confusing. The court's instruction on the essential elements of the crime stated:

"The burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements of the offense charged:

"(1) That ... the Defendant, Todd L. Trosen, knowingly obtained the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprived another of his property by deception or by threat, namely checks totalling approximately $2,000;

\* \* \* \* \*

"(5) The value of the property stolen exceeded five hundred dollars."

Trosen asserts this instruction confused the jury as to the dollar amount the State was required to prove. Trosen, however, did not object to this instruction when given the opportunity during trial.

■■■ Under N.D.R.Crim.P. 30(c), Trosen's failure to object to the instruction, when given the opportunity to do so, waived the right to challenge the instruction on appeal.

*State v. Murphy,* 527 N.W.2d 254, 255 (N.D. 1995). Our inquiry is limited to determining if the alleged error constituted obvious error affecting Trosen's substantial rights. *Murphy* at 255; N.D.R.Crim.P. 52(b). The original jury instruction did not constitute obvious error.

■■■ Furthermore, any confusion caused by the original instruction was cured by the court's written answer, in response to a written inquiry from the jury asking whether they had to find theft of $2,000 or merely an amount exceeding $500, clarifying the State need only prove theft in an amount in excess of $500. Trosen argued the State was required to prove the theft totaled $2,000, as alleged in the information, and objected to the court's written answer to the jury. This Court, however, has consistently held the State need not prove every allegation in the complaint or information, but is required to prove only the elements of the offense charged. *See, e.g., State v. Raywalt,* 444 N.W.2d 688, 690–691 (N.D.1989); *State v. Tranby,* 437 N.W.2d 817, 823 (N.D.), *cert. denied,* 493 U.S. 841, 110 S.Ct. 128, 107 L.Ed.2d 88 (1989); *State v. Bohl,* 317 N.W.2d 790, 792 (N.D.1982); *see also Matthews v. State,* 236 Ga. 867, 225 S.E.2d 896, 899 (1976) (variance between amount alleged to be stolen and amount proved at trial does not require reversal of conviction). Class C felony theft requires an amount in excess of $500. N.D.C.C. § 12.1–23–05(2)(a). The trial court correctly advised the jury it needed only to find theft in excess of $500.

## VII

The remaining issues raised by Trosen do not merit discussion. The judgment of conviction is affirmed.

VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., and BERYL J. LEVINE, Surrogate Judge, concur.

MARING, J., was not a member of the Court when this case was heard and did not participate in this decision.