## A05A0048. GODSEY v. THE STATE.
(610 SE2d 634)

ANDREWS, Presiding Judge.

Ricky Todd Godsey appeals from the trial court's denial of his motion for new trial following his conviction by a jury of theft by taking of dynamite from a construction site in Columbus, contending that the trial court's failure to give his requested charge on good character was reversible error.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations omitted.) *Walker v. State*, 258 Ga. App. 333 (574 SE2d 400) (2002).

So viewed, the evidence was that, on May 23, 2002, employees of Robinson Paving Company in Columbus, discovered that ten boxes (fifty-five pounds) of Emutrench, equivalent to dynamite, were missing from the storage magazine used for explosives. The magazine had last been inventoried in mid-March 2002. Robinson used the Emutrench for excavating rock in the process of laying sewer and storm lines. After authorities were contacted and the area searched, five of the missing boxes were found in the wooded area around the storage magazine.

Martin, a former neighbor of Godsey's on the Army base at Fort Benning, told authorities that B. J. Pitzer had taken her to see the boxes of Emutrench which were stored in Godsey's shed. As the result of this information, Criminal Investigation Division agents and other officers interviewed Godsey, a private first class in the Army, on June 18, 20, and 21, 2002. Godsey was advised of his constitutional rights on each occasion. While Godsey initially stated that he had no knowledge of the theft, he acknowledged that he and Pitzer, who was AWOL, did discuss stealing dynamite and blowing up parts of the base in January 2002. Godsey also eventually acknowledged that he had been with Pitzer on May 23 and loaned Pitzer his vehicle while he waited at a convenience store. Godsey said, upon returning, Pitzer seemed distressed. Godsey asked and Pitzer acknowledged having stolen the Emutrench. The two then proceeded to store it in Godsey's shed.

An anonymous note giving the location of the five boxes which had been placed in the wood line was left on a commercial truck in Columbus and led to the discovery of those boxes, which Godsey acknowledged he had buried there. In his statements, Godsey also acknowledged having written and placed the note.

At trial, Godsey testified, denying any involvement and saying he was coerced into giving the incriminatory statements.

During his testimony, Godsey responded negatively to his counsel's question of whether he had ever been convicted of a crime. On this basis, an instruction on good character was requested and denied.

Godsey argues, based on *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985), that such a charge was appropriate based upon his denial of a conviction. *Braddy*, supra, did conclude that, in addition to reputation in the community, a defendant's past acts could raise the issue of his good character. In that case, however, Braddy testified that he was an active church member, taught Sunday School, was an associate youth minister, and had never been convicted of a crime.

As correctly held by the trial court, merely having no convictions or a clean record is insufficient to invoke good character. *Knapp v. State*, 229 Ga. App. 175, 177 (3) (493 SE2d 583) (1997); *Etienne v. State*, 219 Ga. App. 95, 96 (1) (464 SE2d 396) (1995). Refusing to give Godsey's requested charge was not error. Id.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 16, 2005.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Jarrell P. Schley, Assistant District Attorney*, for appellee.

