A08A1574. MILAN v. THE STATE.

(667 SE2d 267)

RUFFIN, Presiding Judge.

A jury found Warren Milan guilty of child molestation. On appeal, Milan challenges the sufficiency of the evidence. He also contends that the trial court erred in: limiting the scope of a defense expert's testimony; admitting hearsay; permitting the State to argue witness credibility in closing; and charging the jury. Finally, Milan asserts that he received ineffective assistance of counsel. As we find that Milan's allegations of error present no basis for reversal, we affirm.

1. On appeal from a criminal conviction, Milan no longer enjoys a presumption of innocence, and we view the evidence in a light

favorable to the verdict.[1] In so doing, we neither weigh the evidence nor judge witness credibility, but merely determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of molestation beyond a reasonable doubt.[2]

Viewed in this manner, the evidence reveals that, on February 12, 2006, Debra Quinn was sitting in her car at a shopping center when she saw what she believed to be a man pinning a woman against a car and kissing her with an open mouth. There was one empty parking space between Quinn and the couple. After observing this for a few moments, Quinn realized that the man — whom she identified as Milan — was actually kissing a small boy, whose feet were "clamped down" under the man's arms.[3] Milan's hands were cupped around the boy's buttocks, and he had the child's legs spread around his body. According to Quinn, this lasted for several minutes.

Milan began walking toward a store, holding the boy and "bouncing" the child in front of him with the boy's legs still pinned underneath his arms. Quinn also saw Milan look around before returning with the boy to the car. Milan then slid the child down his body so closely that Quinn was afraid it was painful for the child. After returning to the car, Milan put the boy in the car and sat on the back seat with one leg between the boy's legs. When Milan began spreading the child's legs, Quinn called 911 to report the incident. Milan tickled the boy before placing his hands inside the child's pants with one hand in the front and the other in the back. Milan then put his face in the child's crotch, although Quinn could not tell from her vantage point whether the child's genitals were exposed. Quinn testified that Milan was making noises and "constantly looking" around. Shortly thereafter, the police arrived as Milan stood the boy up on the seat and adjusted the child's pants.

At trial, the State presented evidence of a similar transaction. Milan's stepdaughter testified that, when she was 14, Milan would pin her down, undo her clothing, and stick his finger in her vagina. Based upon this and other evidence, the jury found Milan guilty of child molestation.

Milan argues that this evidence — which he characterizes as circumstantial — was insufficient to support the jury's verdict. Milan was charged with child molestation for performing an immoral and indecent act upon the victim by kissing him and placing his

---

[1] See *Walker v. State*, 279 Ga. App. 749 (632 SE2d 482) (2006).

[2] See id.

[3] We note that the parties do not provide the age of the child in their briefs, and we are unable to find the child's age in the record. Given that Quinn identified the child as a "little boy" and that Milan carried the child, it appears that he was a child of tender years.

hands into the victim's pants.[4] And Quinn testified unequivocally that she saw Milan kiss the child and place his hands in the child's pants. Under these circumstances, the evidence was sufficient to support the jury's finding of guilt.[5]

2. According to Milan, the trial court erred in limiting the testimony of his defense expert. Specifically, Milan contends that the trial court erred in prohibiting the expert from testifying regarding "the presence or non-presence of indicators that pertain to child molestation."

At trial, Milan presented the testimony of James Maish, a psychologist who interviewed the victim. Before Maish testified, the court conducted a hearing outside the presence of the jury during which it explained to Maish that he would not be allowed to testify to the ultimate issue as to whether the victim had been molested. Specifically, the court informed Maish:

> First is testimony regarding the ultimate issue that the jury is to decide in the case, and of course that relates to the guilt or innocence with respect to the charge[,] which is child molestation. And you are not being allowed to give your opinion as to that. . . . The second area had to do with symptomology [sic], that is[,] your findings with respect to your interview with the child. That is an area that you would be allowed to testify to, however, again, keeping in mind [that you are] not approaching the area of the ultimate issue that the jury is to decide.

After this colloquy, Milan's attorney questioned Maish in the presence of the jury regarding his interview of the child, asking Maish "did [he] identify any specific indicators?" Maish responded, "[i]ndicators of what?" Counsel clarified that he was asking what the victim's behavior in the interview signified. Maish then said, "I had been told that there was a question whether [the child] had been molested or not. The standard interview is designed to. . . . " At this point, the State objected, indicating that Maish's answer was touching on the ultimate issue. When Milan's attorney attempted to restate the question, Maish responded that he could not answer the question without violating the court's prior ruling. Milan's counsel then asked if the victim had displayed "any clinical indicators of emotional distress or trauma," and Maish responded negatively.

[4] See OCGA § 16-6-4 (a).

[5] See *Bryson v. State*, 282 Ga. App. 36, 38-39 (1) (b) (638 SE2d 181) (2006).

On appeal, Milan argues that the trial court improperly curtailed his questioning of Maish. According to Milan, Maish would have testified merely to the "symptoms, indicators, and traits" found in molestation victims generally, rather than reaching the ultimate issue. However, the trial court expressly told Maish that he *could* testify about general symptoms so long as he avoided the ultimate issue. Under these circumstances, we fail to see how the trial court erred in the manner alleged by Milan. Moreover, Milan's failure to proffer what Maish's testimony would have been precludes us from addressing this enumeration of error.[6]

3. Milan also asserts that the trial court erred in allowing Dawn Shea, who conducted a forensic interview of the victim, to testify regarding hearsay statements made by the victim's mother. Specifically, Shea testified that the mother had said the allegation of abuse was "a bunch of crap."[7] However, Milan did not object to this testimony on hearsay grounds and thus has waived any alleged error on appeal.[8]

4. According to Milan, the trial court erred in permitting the prosecutor to make comments about witness credibility during closing argument. When arguing about the similar transaction witness during closing, the prosecutor made the following statement:

> We can see similarities [between the molestation for which Milan is on trial and the prior transaction]. We can see that what he did to [his stepdaughter] was similar. Got her to where nobody, he thought, was watching and fondled her. Did he have intercourse with her? No. If she was making this up and she's a girl and he's a boy, what's the logical thing to say happened? He had sex with me. That would be something that a kid would grab out for quickly, an adolescent female who understands what sex is. She didn't. She's telling you the truth. If she was wanting to make up a lie, she'd make up a good one.

On appeal, Milan contends that this argument constituted an impermissible comment on a witness's veracity. However, an attorney is given wide leeway during closing argument to argue all reasonable inferences that may be drawn from the evidence.[9] And although it is improper for a prosecutor to state his or her personal

---

[6] See *Wright v. State*, 216 Ga. App. 486 (2) (455 SE2d 88) (1995).

[7] At the hearing on Milan's motion for new trial, trial counsel testified that she did not object to the hearsay because she thought it was favorable.

[8] See *Pierre v. State*, 281 Ga. App. 69, 70-71 (2) (635 SE2d 363) (2006).

[9] See *Appling v. State*, 281 Ga. 590, 592 (5) (642 SE2d 37) (2007).

belief as to the veracity of a witness, it is not impermissible for counsel to urge the jury to draw such conclusion from the evidence.[10] In determining whether a statement constitutes the former or the latter, we must judge the closing argument in the context in which it was made.[11] Here, the prosecutor's statement was made in the context of explaining why the evidence suggested that the stepdaughter did not lie. Thus, it does not constitute his personal opinion on the witness's veracity and does not provide a basis for reversal.[12]

5. According to Milan, the trial court erred in reading the entire charge on child molestation in its charge to the jury, as it permitted the jury to convict Milan of committing a crime in a manner that was not alleged in the indictment. The indictment charged Milan with child molestation, alleging that he

> did perform an immoral and indecent act upon the [alleged victim], a child under the age of sixteen (16) years, by kissing [him] about the face and neck and placing the hand of the accused into the pants and between the legs of [the alleged victim], with intent to arouse and satisfy the sexual desires of said accused.

At trial, however, the court instructed jurors "that a person commits child molestation when that person does any immoral or indecent act to or in the presence of or with any child under the age of sixteen years with the intent to arouse or satisfy the sexual desires of either the child or the person." Milan contends that this instruction permitted jurors to convict him of molestation based either upon committing an immoral or indecent act in the child's presence or upon attempting to arouse the child — two methods not alleged in the indictment.

This enumeration of error lacks merit for two reasons. First, reading the court's instruction as a whole, it is highly unlikely the jury convicted Milan in a manner other than that alleged in the indictment. The court read the indictment to the jurors, informed them that the indictment framed the issue to be tried, reiterated that the State's burden was to prove the crime was committed in a manner alleged in the indictment, and sent the indictment out with

---

[10] See *Mason v. State*, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001).

[11] See *Adams v. State*, 283 Ga. 298, 302 (3) (e) (658 SE2d 627) (2008).

[12] See *Allen v. State*, 277 Ga. 502, 504 (3) (d) (591 SE2d 784) (2004).

the jury.[13] Second, Milan has waived any objection to this charge as, during the charge conference, he stated that he had no objection to the charge.[14]

6. Finally, Milan contends that he received ineffective assistance of counsel because his trial attorney failed to call the victim's mother as a witness and failed to investigate the law on child hearsay. To establish a claim of ineffective assistance, Milan must prove both that his trial counsel's performance was deficient and that this deficiency prejudiced him.[15]

(a) According to Milan, counsel should have called the victim's mother, who would have testified that Quinn would not have been able to see what was happening between the victim and Milan because the car had tinted windows. The mother also would have testified that the child exhibited no signs of molestation following the incident. However, "deciding what evidence to present or to forego in defending a client charged with a crime is a matter of strategy and tactics, and matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel."[16] Here, trial counsel testified that, given that the mother was not present when the alleged molestation took place, she did not think that the mother's testimony was helpful. She further stated that the mother's demeanor was confrontational and negative and that she did not believe the mother would have made a helpful witness. Under these circumstances, the decision not to call the mother was strategic, which does not constitute ineffective assistance.[17]

(b) Milan also argues that counsel was ineffective in failing to require the trial court to call the victim as a witness under the Child Hearsay Statute. Rather, the attorney called the child as a witness. According to Milan, it was counsel's ignorance of the law that prevented her from utilizing the proper method for calling a child witness. However, counsel testified that she wanted to call the child as a witness because she knew she had nothing to fear from the child's testimony and it might look as if they were hiding something if they did not call the child. Again, that decision appears to have been tactical.[18] In any event, Milan has not shown how this alleged deficiency prejudiced him. Indeed, the child's examination on the

---

[13] See *Holloway v. State*, 278 Ga. App. 709, 714-715 (5) (629 SE2d 447) (2006).

[14] See *Nichols v. State*, 288 Ga. App. 118, 119-120 (1) (653 SE2d 300) (2007) (" 'It is well established that if a defendant fails to object to a charge when asked if he has any objections, and fails to reserve objections, he has waived appellate review of the charge as given.' ").

[15] See *Smith v. State*, 283 Ga. 237, 238 (2) (657 SE2d 523) (2008).

[16] (Punctuation omitted.) *Dukes v. State*, 285 Ga. App. 172, 174-175 (2) (645 SE2d 664) (2007).

[17] See *Abernathy v. State*, 278 Ga. App. 574, 589-590 (3) (b) (xi) (630 SE2d 421) (2006).

[18] See *Nichols*, supra at 124-125 (3) (f).

record was brief, nonthreatening, and the child's testimony was helpful to the defense as the child denied molestation, claiming his uncle was "tickling" him. Accordingly, Milan's claim of ineffective assistance on this basis also fails.[19]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED AUGUST 22, 2008.

*Randolph Frails*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.