### A10A1783. OSORTO-AGUILERA v. THE STATE.
(705 SE2d 330)

MIKELL, Judge.

Based on acts committed against a 12-year-old child, appellant Adrian Osorto-Aguilera was indicted for rape, child molestation, and burglary. A jury convicted him of child molestation but acquitted him of the other charges. Appellant was sentenced to 20 years to serve. On appeal from the order denying his amended motion for new trial, appellant contends, inter alia, that the trial court's charge on child molestation was incomplete and that the court erred in refusing to charge the jury on good character. We find no error and affirm.

1. Appellant asserts that the trial court erred in giving a pattern jury charge on child molestation without tailoring the charge to the indictment. The indictment accused appellant of committing child molestation by placing his fingers on the victim's vagina. During the charge conference, appellant requested that the court charge the jury that he could not be found guilty of this offense unless the state proved that he committed the crime in the manner alleged in the indictment. The trial court denied the request, stating that it would give the pattern charge. When charging the jury, the trial court read

---

YALE LAW LIBRARY

the indictment, including the count that accused appellant of committing child molestation by placing his fingers on the victim's vagina. The court further informed the jury of the state's burden to prove "every material allegation and every essential element of the crime charged beyond a reasonable doubt." The court then gave the pattern jury charge on child molestation.[1] At the conclusion of the charge, the court reminded the jury that it would have the indictment during deliberations and that the indictment set out the elements of the offenses.

In support of his contention that he is entitled to a new trial because the jury charge was not tailored to the indictment, appellant cites, inter alia, *Hopkins v. State*,[2] an aggravated battery case, and *Walker v. State*,[3] a theft by taking case. Those cases are distinguishable because the indictment in each case alleged that the defendant had committed a crime by one method, and the court instructed the jury that the crime could be committed by another method not alleged in the indictment.[4] That did not occur in this case.[5] "OCGA § 16-6-4 (a) does not provide several methods for committing the offense of child molestation. Thus, it is highly unlikely that the jury found [appellant] guilty for committing the offense in some other manner than that charged in the indictment."[6]

2. Appellant contends that the trial court erred in denying his written request to charge the jury on good character. Appellant argued at trial that the charge was warranted based on his testimony that he had no criminal record other than a single misdemeanor involving license plates. There was no error, as "merely having no convictions or a clean record is insufficient to invoke good character."[7] Although on appeal, appellant cites other alleged instances of his own good character testimony, we cannot consider them because they were not argued in the trial court. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to

---

[1] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2009), § 2.34.10.

[2] 255 Ga. App. 202 (564 SE2d 805) (2002).

[3] 146 Ga. App. 237 (246 SE2d 206) (1978).

[4] *Hopkins*, supra at 205-206 (2); *Walker*, supra at 242 (1) (b).

[5] See *Milan v. State*, 293 Ga. App. 398, 402-403 (5) (667 SE2d 267) (2008) (rejecting argument that by reading entire charge on child molestation to the jury, the trial court permitted defendant to be convicted of committing a crime in a manner that was not alleged in the indictment).

[6] (Citation and punctuation omitted.) *Buice v. State*, 239 Ga. App. 52, 59 (5) (520 SE2d 258) (1999).

[7] *Godsey v. State*, 271 Ga. App. 663, 664 (610 SE2d 634) (2005), citing *Knapp v. State*, 229 Ga. App. 175, 177 (3) (493 SE2d 583) (1997); *Etienne v. State*, 219 Ga. App. 95, 96-97 (1) (464 SE2d 396) (1995).

those grounds presented to and ruled upon by the trial court."[8] The trial court did not err in refusing to give appellant's requested charge on good character.

3. Appellant contends that reversible error occurred when a detective testified that the victim's appearance and demeanor were consistent with those of a child who "had just been molested or had just been abused." Appellant failed to make a contemporaneous objection to this testimony at trial, however, and has thus waived his current argument that the testimony invaded the jury's province.[9]

4. Finally, appellant asserts that counsel was ineffective for failing to object to the detective's testimony quoted above in Division 3. Appellant waived this argument by failing to assert it either in his amended motion for new trial or during the hearing held thereon.[10]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 20, 2011.

*Jimmonique R. S. Rodgers*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[8] (Punctuation and footnote omitted.) *Holmes v. State*, 271 Ga. App. 122, 123 (1) (608 SE2d 726) (2004).

[9] See *Sanchez v. State*, 285 Ga. 749, 751-752 (3) (684 SE2d 251) (2009).

[10] *Bryant v. State*, 282 Ga. 631, 639 (8) (651 SE2d 718) (2007) ("Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived") (citation and punctuation omitted).