### A96A2327. DAUGHTRY v. THE STATE.
(482 SE2d 532)

JOHNSON, Judge.

A jury found Roger Daughtry guilty of criminal damage to property. This is an out-of-time appeal from the judgment entered on that verdict.

1. Daughtry asserts the trial court abused its discretion by not granting him a continuance to allow him the opportunity to secure counsel. Daughtry retained counsel soon after he was arrested in connection with an incident in which he damaged a 1985 Thunderbird automobile with a weight-lifting bar. Soon after the indictment was returned, counsel wrote a letter notifying the clerk of the court that Daughtry no longer wanted his services and was adamant in his desire to represent himself in this matter. This letter was followed by a formal motion to withdraw as counsel. At the arraignment, held on November 10, 1993, the court considered counsel's motion to withdraw. The trial judge explained to Daughtry that he was taking a substantial risk in representing himself, and asked repeatedly whether it was, in fact, Daughtry's desire to represent himself. Daughtry stated that he wanted a fast and speedy trial and was firm in his resolve to proceed without counsel. The judge reiterated the dangers of self-representation, explained the procedure for appointment of counsel in the event Daughtry should change his mind and told him that jury trials were scheduled for January 18, 1994. Counsel's motion to withdraw was granted. When the case was called for trial on January 18, Daughtry announced that his attorney, the same counsel who had been allowed to withdraw at his request two months earlier, had died and that he needed time to make arrangements with other counsel. In reliance on Daughtry's assurance that he had talked to someone the day before, the case was continued to the next term. On April 25, 1994 Daughtry told the court that he was going to represent himself, but that he had an arrangement by which he could consult an attorney by telephone if he needed advice. The following morning, when the trial was to begin, Daughtry announced that he was not ready and asked that the case be continued to allow him to get an attorney. Daughtry cites the denial of his request as error.

"The grant or denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed unless it clearly appears the trial court abused that discretion. Denial of continuance may be proper where defendant

negligently failed to employ counsel promptly or where it appears he is using the tactic for delay." (Citations and punctuation omitted.) *Tinker v. State*, 218 Ga. App. 792, 794 (1) (b) (463 SE2d 368) (1995). See *Hobson v. State*, 266 Ga. 638 (2) (469 SE2d 188) (1996). Compare *Hasty v. State*, 215 Ga. App. 155 (450 SE2d 278) (1994). It is clear from a review of the record in this case that Daughtry made all of the decisions regarding representation and was able to effect those decisions. The day before the trial of the case, he announced he was ready to proceed. But on the morning of trial, five months after discharging his attorney and after having been granted a three-month continuance, Daughtry wanted the case delayed so that he could engage an attorney. The trial court did not abuse its discretion in denying the second motion for continuance.

2. Acknowledging in his brief that in representing himself Daughtry had "a fool for a client," he now argues he was denied effective assistance of counsel because his own performance was deficient. " 'When a criminal defendant elects to represent himself . . . he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel.' [Cit.]" *Williams v. State*, 192 Ga. App. 317, 319 (3) (384 SE2d 877) (1989). Because Daughtry waived his right to be represented by counsel and cannot now be heard to complain of ineffective assistance, there is no reason to accede to his invitation to remand the case to the trial court for consideration of the effectiveness of his own representation.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MARCH 3, 1997.

*Billy M. Grantham*, for appellant.
Roger Daughtry, *pro se.*
*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.