### A03A0468. SCOTT v. THE STATE.
(583 SE2d 579)

MIKELL, Judge.

A DeKalb County jury found James M. Scott guilty of aggravated assault, aggravated battery, criminal damage to property in the second degree, hit and run, and serious injury by vehicle. Scott claims the trial court erred in (i) refusing to rule before trial on the admissibility of evidence of violence by the victim against third parties, and (ii) denying his motion for a mistrial because the prosecutor commented on Scott's failure to make a statement upon arrest. Scott also claims he received ineffective assistance of counsel. For the reasons set forth below, we disagree and affirm.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and Scott no longer enjoys a presumption of innocence.[1] So viewed, the evidence shows that on September 7, 1999, William Vaughn drove back to his quarry business after going for lunch. Vaughn saw Scott's station wagon in the rearview mirror of his van. Vaughn exited the van holding a sandwich in one hand and a drink in the other. Vaughn had a gun in his pocket. Scott, who was sitting in the station wagon, spun the wheels on his vehicle and then drove it toward Vaughn. The front of Scott's vehicle hit Vaughn in the legs and pinned Vaughn against the back of the van. Scott tried to

---

[1] *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998).

strike Vaughn a second time, but Vaughn crawled under the van and escaped the impact.

1. Scott asked the trial court to allow him to present evidence of Vaughn's propensity toward violence to third parties as part of his self-defense case. Scott argued that he should have the right to make a proffer of evidence before trial. The trial court refused to hear the proffer and decided to wait until the state had presented its case before considering the issue. The trial court eventually allowed Scott to present witnesses who testified that Vaughn had a violent reputation, carried a handgun, and had brandished the gun in a conflict with a third party. Scott does not show that he was prevented from presenting any evidence in connection with Vaughn's propensity for violence or with respect to incidents with third persons.

Uniform Superior Court Rule 31.1 requires the defense to notify the state before trial if it intends to introduce evidence of specific acts of violence by the victim against third persons. Only those specific acts of violence approved by the judge may be introduced by the defense.[2] USCR 31.6 (B) provides, in pertinent part, that "[t]he judge shall hold a hearing at such time as may be appropriate and may receive evidence on any issue of fact necessary to determine the [defense's] request [to present evidence of violence by the victim against third parties], out of the presence of the jury." It follows that (i) the trial court has the discretion to determine the "appropriate" time to hold the hearing, and (ii) the rule's direction that the hearing be held outside the presence of the jury indicates that the hearing may be held after a jury is seated.[3]

Scott refers us to Rule 31.2, which provides that motions filed under Rule 31.1, "shall be heard and considered at such time, date, and place as set by the judge. Generally, such will be heard at or after the time of arraignment and prior to the time at which such case is scheduled for trial." But as in Rule 31.6, there is no mandate under Rule 31.2 that the hearing on the admissibility of violence by the victim against third parties be held before trial, although the rule does indicate that would "generally" be the case.

Construing USCR 31.1, 31.2, and 31.6 together, we conclude that it was not reversible error for the trial court to refuse to conduct a hearing before trial because Scott was not prejudiced by the decision.[4] Although Scott complains he was restricted in cross-examining Vaughn, the trial court told defense counsel that he would allow

---

[2] USCR 31.6 (B).

[3] See, e.g., *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990) (interpreting Rule 31.3, which is similar to Rule 31.6, to allow for a mid-trial hearing).

[4] See id. at 143-144 (6) (similar transaction hearing held in mid-trial not reversible error unless defendant can show he was prejudiced by not having the hearing before trial).

Vaughn to be recalled for additional cross-examination. Scott also complains that the delay in ruling prevented him from mentioning Vaughn's propensity for violence in opening statements. But Scott can show no authority for his claim that he is entitled to a new trial because the trial court's failure to make a pre-trial ruling on the admissibility of evidence of the victim's violent acts prevented defense counsel from mentioning those acts to the jury in opening argument. The jury heard the evidence Scott wanted to present, and defense counsel was able to argue Scott's case to the jury in closing argument. We find no error.

2. Scott claims the trial court erred by refusing to grant his motion for mistrial after the state referenced his failure to make a statement to police upon arrest. We disagree because the state did not make an improper comment about Scott's silence.

Scott testified that a few days before the September 7, 1999, incident, Vaughn came to his house with a gun and threatened to shoot Scott, "if you ever get back in that quarry again with them guys." On cross-examination the prosecutor asked Scott:

Q: I'm asking about when the man is at your house, his foot's in your door, your wife is present, he's cussing you out and he has a gun.
A: Right.
Q: And you tell no police officer a man is at my house with a gun?

At that point, Scott moved for a mistrial on the grounds that the question was an improper comment on his failure to contact police and a violation of his right to remain silent. The trial court indicated that he did not interpret the prosecutor's question in that context and denied Scott's motion. We agree with the reasoning of the trial court.

Scott relies on *Barnes v. State*[5] in support of his argument. In that case, our Supreme Court found a trial court erred in allowing the prosecutor to ask the defendant why, after the defendant had allegedly killed the victim in self-defense, he failed to flag down any passing motorists or to notify the police. Our Supreme Court noted that, "Georgia law prohibits the state from commenting on a defendant's silence before his arrest or his failure to come forward because such a comment is far more prejudicial than probative."[6] *Barnes* is not applicable here because the prosecutor asked Scott about his conduct as it related to an incident which occurred before the September

---

[5] 269 Ga. 345 (496 SE2d 674) (1998).
[6] Id. at 352 (12).

7, 1999, confrontation with Vaughn, not about Scott's conduct after the incident. There was no implication that silence with respect to the previous incident was an admission of guilt on the matter charged. Moreover, the line of questioning was permissible as Scott's conduct following his previous confrontation with Vaughn was relevant to Scott's state of mind during the later incident in which he claimed self-defense. The trial court did not err in refusing to grant a mistrial.

3. Scott claims that he received ineffective assistance of counsel. Again, we disagree.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, [Scott] must show both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[7]

Scott claims his trial counsel was ineffective because he failed to object to: (i) the reading of Eloise Scott's statement to the jury; (ii) the reading of the statement of witness Russell Morgan to the jury; (iii) prosecution statements regarding Scott's alcohol abuse; and (iv) a prosecutor's question calling into issue Scott's pre-arrest silence. Also, Scott contends his trial counsel was ineffective because he failed to introduce into evidence the gun Vaughn was carrying when the incident occurred.

(a) After Scott's wife, Eloise Scott, claimed her privilege not to testify against her spouse, the prosecutor asked Detective Shannon Slade to testify regarding Eloise Scott's statements to the police. Scott claims that trial counsel's failure to object to the admission of Eloise Scott's statement falls below an objective standard of reasonable representation. However, Eloise Scott's statement was admissible under the necessity exception to the hearsay rule. "Under the hearsay exception recognized in OCGA [§] 24-3-1 (b), an out-of-court statement can be admitted when it is both 'necessary' to do so and the statement itself evidences a guarantee of sufficient 'trustworthiness.' "[8] Eloise Scott was unavailable because she would not testify;[9] the hearsay statements had indicia of trustworthiness in that they were made to the police during their investigation of the incident;[10] and the statements were necessary in that they provided unique

---

[7] (Footnotes omitted.) *Jackson v. State,* 243 Ga. App. 289, 291 (3) (531 SE2d 747) (2000).
[8] (Citation omitted.) *Quijano v. State,* 271 Ga. 181, 184 (4) (516 SE2d 81) (1999).
[9] See id.
[10] See *Drane v. State,* 265 Ga. 663, 664 (1) (461 SE2d 224) (1995).

insight into Scott's state of mind. Trial counsel did not provide ineffective assistance by failing to make a meritless objection.[11]

(b) Detective Slade testified about the statements made to him by Morgan, a witness to the September 7, 1997, incident between Scott and Vaughn. Scott claims his trial counsel rendered objectively unreasonable assistance in failing to object to this testimony because the statement was inadmissible hearsay. Morgan, however, testified at trial, and his credibility was attacked by trial counsel on cross-examination. Morgan's previous statements were admissible as a prior consistent statement.[12] Trial counsel did not render objectively unreasonable assistance by failing to object to the admission of Morgan's statement.

(c) The prosecution made a number of references to Scott's drinking habits in his cross-examination of Scott, including: "Do you drink when you're nervous?"; "Do you drink during the day when you're working?"; and "How often do you do this, drink on the job?" Scott contends his trial counsel should have objected because the state was improperly attacking his character. But Scott testified on direct that he had purchased a pint of tequila on his way home from the confrontation with Vaughn. Morgan testified that Scott appeared to be drinking a beer shortly before the assault. Scott's drinking was relevant to the case apart from any negative implications to his character.[13] Trial counsel did not render objectively unreasonable assistance by failing to object to the state's line of questioning about Scott's drinking habits.

(d) The prosecutor asked Scott: "The man you had known for 45 years, you ran him down, you had a phone in your car, you didn't bother to call the police, you didn't bother to call an ambulance, correct?" Scott contends this question violated the prohibition against commenting on a defendant's pre-arrest silence in violation of *Barnes v. State*,[14] and that his counsel rendered ineffective assistance by failing to object to the question. We will not consider this issue because Scott "did not preserve this issue for review inasmuch as he failed to raise it in his motion for new trial as amended or at the hearing in the matter."[15]

(e) Scott claims trial counsel rendered ineffective assistance because he made no effort to introduce Vaughn's gun into evidence. But there was never any question that Vaughn was carrying a gun at that time of the incident. Introducing the gun into evidence would

---

[11] See *Fults v. State*, 274 Ga. 82, 87 (7) (548 SE2d 315) (2001).

[12] See *Woodard v. State*, 269 Ga. 317, 319 (2) (496 SE2d 896) (1998).

[13] See *Venenga v. State*, 163 Ga. App. 161, 162-163 (2) (293 SE2d 553) (1982).

[14] Supra.

[15] *Byrd v. State*, 274 Ga. 58, 61 (2) (548 SE2d 2) (2001).

not have necessarily helped Scott's case, and trial counsel did not render objectively unreasonable assistance in failing to do so.
 *Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 18, 2003 — 

*Moulton & Massey, Jeremy A. Moulton*, for appellant.
 *J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.