A04A0223. SIMS v. THE STATE.
(594 SE2d 693)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of seven counts of burglary[1] and two counts of theft by receiving stolen property,[2] Kalvin Sims appeals the denial of his motion for new trial, arguing that the trial court erred in: (1) denying his request for legal counsel; (2) denying him a continuance in order to obtain legal counsel and prepare a defense; and (3) sentencing him as a recidivist. For the reasons set forth below, we affirm.

---

[1] OCGA § 16-7-1.
[2] OCGA § 16-8-7.

1. In his first and second enumerations of error, Sims contends that the trial court erred in denying his requests for legal counsel, and for a continuance so that he could obtain legal counsel and prepare a defense. We find no error.

> Our laws governing criminal procedure are designed to ensure that defendants receive a fair trial. Defendants are free to waive the protections provided by such laws, assuming all the risks attendant thereto. A defendant is not free, however, to play one right against another with the hope of creating error. Neither may a defendant who has knowingly waived counsel then complain of a lack of counsel when he determines that the judge's warnings were valid. Under such circumstances, the defendant's problems are of his own making, and he is bound by his poor choices.

*Reviere v. State.*[3] Based on the record before us, we find that Sims was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver.

At the time of his arraignment on February 12, 2003, the trial court asked Sims what he wished to do about legal representation, informing him that he qualified for representation by the public defender. Sims replied, "I don't want no public defender." He then added, "Not from this office." The trial court again tried to get Sims to tell it whether it was "true or accurate that you have declined to have the public defender represent you." Again, Sims replied, "Not from this county," and then added, "I need to talk to some people, I need to call this judge and talk to this judge and they're going to give me an appeal." Following several unresponsive answers to its inquiries, the trial court stated, "All right, well, you are entitled to a public defender and unless you specifically state to me that you do not want a public defender, I'm going to appoint one for you. Now, let me caution you before you make that decision very carefully and very specifically."

The trial court warned Sims of the dangers of representing himself and encouraged him to accept the appointment of a public defender. When Sims, after repeatedly being asked by the trial court whether he would accept the services of a public defender, refused to make any meaningful response, the trial court stated, "All right, since he has not specifically declined the public defender, I will appoint the public defender to represent him. They will meet with you, they'll discuss the case with you, they will prepare your case for trial." The trial court then set the case for trial on March 31, 2003.

---

[3] *Reviere v. State*, 231 Ga. App. 329, 331 (1) (498 SE2d 332) (1998).

After being informed by attorneys in the public defender's office that Sims had refused to talk with them, the trial court held a second pre-trial hearing on February 27, 2003, to clarify what Sims wished to do about representation at trial. At the beginning of the hearing, the trial court asked Sims, "Do you have any objection to the public defender representing you? Do you want to represent yourself? What's your position on that." Sims refused to answer. After a long period of silence, the trial court again asked the same questions, and again Sims refused to answer. At this point, because Sims had not specifically stated that he wished to represent himself, the trial court appointed a lawyer from the public defender's office who was present in court. The following colloquy then occurred.

Sims: I'm going to get me a lawyer.

Court: You're going to get you a lawyer?

Sims: Yeah.

Court: All right. Well, I'll tell you what. We'll — that's fine. You believe you can afford to hire one or someone in your family; someone for you will hire one. Is that right?

Sims: Yes, sir.

Court: You said, yes, sir. All right. Well, I'm going to appoint the public defender to represent you so that we don't have a delay in trial. Your trial is set for March 31st — Monday, March 31st. And as soon as whoever you hire — and you certainly have a right to have a lawyer of your own choosing. I want to emphasize that. But as soon as you hire someone to represent you, the public defender will be relieved and I will specifically sign another order relieving them. But so that there's no delay in the trial of the case, I'm going to appoint them and then if you do hire another lawyer or when you do hire another lawyer, they will notify the Court. Lawyers know how to do this.

Sims: I don't want no public defender.

Court: Well, I'm going to appoint the public defender at this time.

Sims: I refuse it.

Court: Pardon me?

Sims: I refuse it.

Court: All right. Now, let me caution you then — .

Sims: I understand.

Court: No. And it's my duty and responsibility to — to do this and then we'll be sure that you do understand it. And if that's the case, we will — we will certainly relieve the public defender from the appointment that I have given them earlier and that I've reiterated here today. But you have a right

to represent yourself. Everybody has that right. But I would caution you against exercising that right to represent yourself. . . . If — since you've stated that it's your desire and your intention and you have the ability to hire your own lawyer, I revoke my appointment of the public defender. However, I would caution you that lawyers need as much time as they can to prepare a case for trial. And so you should hire a lawyer just as soon as you possibly can so that they can prepare a case — your case for trial at that time. Now, if you should come to court on that day without a lawyer, you would have to go forward representing yourself, in spite of my warnings to you. And I think I warned you last time, but I wish to emphasize it again this time that lawyers are trained in the law; trained to recognize defenses you might have; and they know how to raise those defenses that you as a layperson might not. It is certainly not to your advantage to attempt to represent yourself in a jury trial. However, you have that right. But the case will not be continued simply because you have not obtained a lawyer by that time.

In response to Sims's written request, the State made an appointment for Sims to review the evidence file. However, when an automobile arrived at the appointed time to transport Sims to the district attorney's office, Sims refused to go. Sims was informed that if he changed his mind, the State would reschedule an appointment so that he could see the evidence. Sims made no further efforts to review the evidence.

Despite the trial court's clear warnings and statement of its intention to have Sims proceed on the date of the trial with or without representation, Sims appeared on the morning of the trial without representation. The trial court informed Sims that he would have to go forward with the trial and represent himself. Sims protested that he needed an attorney. Sims also moved for a continuance, and the trial court denied the motion. The trial court also refused Sims's request that he be appointed an attorney.

Shortly before the trial began, Sims requested that counsel sit with and advise him. The trial court asked an attorney from the public defender's office to sit with Sims and assist him with technical matters of law. The attorney agreed to serve as standby counsel for Sims, but Sims then refused to allow her to assist him.

Sims's uncooperative and dilatory conduct was "the functional equivalent of a knowing and voluntary waiver of appointed counsel,"

(punctuation omitted) *Lopez v. State*,[4] and the trial court did not err in denying Sims's requests for legal counsel and for a continuance to obtain counsel.

> Intelligent waiver and foolishness are not mutually exclusive. The appellant's constitutional right to adequate counsel was satisfied in this case but he threw it away. He did so voluntarily and after having been urged not to. If he had had good reason to do so, even though the jury had been sworn, we would reach a different result in this case. He was not entitled to a continuance in the case because he had been provided, at no charge, the benefit of counsel and the effective assistance of counsel. We do not question that a defendant has the right to counsel, but he had it in this case and voluntarily gave it up. His right to counsel is not superior to the state's right to try him for the criminal offense[s] and does not include the right to manipulate, whether consciously or capriciously, the state's attempt in good course to prosecute him for the offense.

(Citation omitted.) *Mock v. State*.[5]

2. Sims contends that the trial court erred in sentencing him as a recidivist because he was not given notice pursuant to OCGA § 17-10-2 (a) of the State's intention to use prior convictions in aggravation of sentence. When the State informed the trial court that Sims had been served with notice of the State's intention to proceed under the recidivist statute and then introduced the certificates of conviction at the pre-sentencing hearing, Sims did not object on the ground that he had received no notice. Accordingly, "[a]ny issue concerning lack of notice has been waived." *Head v. State*.[6] See also *Armstrong v. State*[7] ("because defendant did not interpose an objection when the state introduced defendant's prior conviction into evidence during the pre-sentencing phase of the trial[,] [t]he error is deemed waived"). "[Sims's] pro se status does not relieve him of the obligation to make timely objections and to comply with the procedural and substantive requirements of the law." *Lopez*, supra at 724-725 (5).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

---

[4] *Lopez v. State*, 259 Ga. App. 720, 724 (4) (578 SE2d 304) (2003).
[5] *Mock v. State*, 163 Ga. App. 320, 321-322 (293 SE2d 525) (1982).
[6] *Head v. State*, 233 Ga. App. 655, 657 (3) (a) (504 SE2d 499) (1998).
[7] *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994).

DECIDED FEBRUARY 6, 2004.

*Fred I. Graham*, for appellant.

*Kelly R. Burke, District Attorney, Jason E. Ashford, Amy E. Smith, Assistant District Attorneys*, for appellee.