A04A1081. COLLINS v. THE STATE.
(603 SE2d 523)

SMITH, Chief Judge.

Terry Collins was found guilty by a Glynn County jury of trafficking in cocaine.[1] His motion for new trial was denied, and he appeals, asserting that his motion for continuance should have been granted and that he was denied his right to counsel.[2] We disagree and affirm.

During the pretrial phase, Collins was represented by three privately retained attorneys, one of whom was a Florida attorney admitted pro hac vice on Collins's behalf. Ten days before trial, at the beginning of a motions hearing, Collins's counsel announced that Collins had fired him and his co-counsel.[3] The trial court warned all present that "this case is going forward," and allowed counsel to question Collins regarding his decision. Collins acknowledged that he did not want the services of counsel, that he understood the motion to suppress and the trial would go forward as scheduled, that he was responsible for handling all preparation for trial, and that he would have to represent himself at the hearing on the motion to suppress if he wished to go forward with the motion. Asked if "[y]ou understand and accept all those risks and still wish this court to disengage our firm and [Florida counsel] from representing you at this time?" Collins responded, "Yes." At the trial court's request, counsel also reviewed with Collins the potential penalties for the offense with which he was charged and that he would be representing himself unless he hired new counsel.

When the case was called for trial ten days later, neither Collins nor his co-defendant had obtained new counsel. The trial court

---

[1] One of his two co-defendants was acquitted and the second found guilty of the same charge.

[2] Collins also filed a pro se motion to vacate his sentence and in arrest of judgment, but the trial court declined to rule on the motion because Collins was represented by new counsel, who had filed a motion for new trial on his behalf.

[3] One of Collins's co-defendants also fired his counsel at the same time.

reminded them that "you gentlemen told me that y'all were going to change attorneys and get someone else in here." Collins's co-defendant protested that he and Collins were unable to proceed with jury selection because "[w]e're laymen to the law." The co-defendant added, "I feel I need an attorney that's going to represent me so I can be treated fair." In response to the trial court's question, Collins stated, "The same, ma'am." Collins acknowledged that he was told ten days earlier that the case would come up for trial as scheduled. The trial court then told him and his co-defendant once again that the case would proceed as scheduled, observing,

> when you make a change, it is your responsibility to get somebody else in here in this case, and that is immediately, because you made that change on the eve of this trial and knew at the time that you did it this case was scheduled to be tried this week. So the court is telling you that we're going to proceed. We're going to start this case on Wednesday.

On Wednesday, the trial court offered to appoint "standby counsel" to assist both defendants, and both refused the offer. Collins's co-defendant again requested a continuance, which was denied.

Collins argues that the trial court erred in denying his motion for continuance and that denial of this motion violated his constitutional right to counsel. We disagree.

> The grant or denial of a continuance, including on grounds of absence of counsel, is within the discretion of the trial court and will not be disturbed unless it clearly appears the trial court abused that discretion. Denial of continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears he is using the tactic for delay.

(Citations and punctuation omitted.) *Daughtry v. State*, 225 Ga. App. 45-46 (1) (482 SE2d 532) (1997). "In such a situation, the burden of convincing the court that due diligence has been exercised is that of the movant." (Citations omitted.) *Tinker v. State*, 218 Ga. App. 792, 794 (1) (b) (463 SE2d 368) (1995).

A failure to exercise due diligence can have severe consequences:

> For a non-indigent defendant, such as appellant, the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his

> part to retain counsel may constitute a waiver of the right to counsel. Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control. Notwithstanding a defendant's present verbal insistence upon his right not to be tried without counsel, his own past actions may nevertheless demonstrate that the right has been waived. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel.

(Citations, punctuation and emphasis omitted.) *Eason v. State,* 234 Ga. App. 595, 597-598 (2) (507 SE2d 175) (1998). "Whether a particular defendant has exercised 'reasonable diligence' in procuring counsel is a factual question, and the grant or denial of a request for continuance on grounds of absence of retained counsel is a decision within the sound discretion of the trial judge, reversible only for an abuse of that discretion." *Shaw v. State,* 251 Ga. 109, 111 (303 SE2d 448) (1983).

Here, the only evidence in the record with respect to diligence on the part of Collins was his cryptic and unexplained comment that "[m]y dad was trying to get a lawyer." He was fully warned on the record of the consequences of firing his counsel on the eve of trial, but nevertheless chose to do so, apparently in concert with his co-defendant. While Collins argues that his multiple attorneys were incompetent and failed to represent him, this is not borne out by the record. Collins's counsel filed numerous pleadings on his behalf, including motions for reduction of bond, two consolidated motions seeking information from the State and demanding a *Jackson-Denno* hearing, severance, and recordation, as well as a demurrer to the indictment, a motion in limine, and multiple motions to suppress.

Relying on *Callaway v. State,* 197 Ga. App. 606 (398 SE2d 856) (1990), Collins argues that "the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control." (Citations and punctuation omitted.) Id. at 607-608; see also *Eason,* supra. But in that case, the defendant had retained counsel. When the case was called for trial, the defendant stated that his counsel was out of town and could not be present. The trial court refused to delay the proceedings and did

not make any inquiry. Here, in contrast, Collins was repeatedly and fully cautioned that the case would proceed to trial as scheduled despite his and his co-defendant's actions in firing counsel on the eve of trial. Notwithstanding the trial court's warnings both at the motions hearing ten days before trial and again at the call of his case two days before trial, Collins chose to make little effort, if any, to obtain new counsel in the interim and refused the trial court's offer of appointed counsel to assist him with his defense.

> Our laws governing criminal procedure are designed to ensure that defendants receive a fair trial. Defendants are free to waive the protections provided by such laws, assuming all the risks attendant thereto. A defendant is not free, however, to play one right against another with the hope of creating error. Neither may a defendant who has knowingly waived counsel then complain of a lack of counsel when he determines that the judge's warnings were valid. Under such circumstances, the defendant's problems are of his own making, and he is bound by his poor choices.

(Citation and punctuation omitted.) *Sims v. State*, 265 Ga. App. 476, 477 (1) (594 SE2d 693) (2004). In view of Collins's conduct, the trial court did not abuse its discretion in denying Collins's motion for continuance and did not deprive him of his right to counsel.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 17, 2004 — 

*Kimberly L. Copeland*, for appellant.
Terry Collins, *pro se.*
*Stephen D. Kelley, District Attorney, Leslie K. DeVooght, Assistant District Attorney*, for appellee.