## A06A0154. MOORE v. THE STATE.
(630 SE2d 557)

ANDREWS, Presiding Judge.

A jury convicted Steven Moore of child molestation and other charges arising from his contact with his girlfriend's 12- and 14-year-old sons. He appeals from the denial of his motion for new trial on the ground that his trial counsel was ineffective. We find no error and affirm.

A jury convicted Moore of eight counts of child molestation, four counts of aggravated child molestation, and two counts of aggravated sodomy. More than six months after his conviction, Moore filed a motion for new trial, which was dismissed as untimely. Moore then filed a motion for an out-of-time appeal, which was granted. The trial court also appointed new counsel to represent Moore "on the sole issue of ineffective assistance of counsel in the out-of-time appeal." After a hearing, Moore's motion for new trial was finally denied on its merits.[1]

1. Though Moore has not raised the issue on appeal, we have reviewed the record, which showed that Moore had and received oral sex with both boys, sometimes by force, on numerous occasions. This evidence was sufficient to sustain his convictions. See OCGA §§ 16-6-2 (aggravated sodomy); 16-6-4 (a), (c) (child molestation, aggravated child molestation).

2. On appeal, Moore's sole enumeration of error is that his trial counsel was ineffective. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "[A] strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. [A] trial court's determination that [a defendant] was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous." (Citations omitted.) *Turner v. State*, 245 Ga. App. 294, 295 (4) (536 SE2d 814) (2000).

(a) Moore first argues that his trial counsel was ineffective when he failed to file a timely motion for new trial and notice of appeal. At

---

[1] Although the trial court did not expressly grant Moore leave to file an out-of-time motion for new trial, it implicitly granted such permission by treating Moore's motion for an out-of-time appeal "as both a request to file an out-of-time motion for new trial and as a motion for new trial, by holding an evidentiary hearing on the merits of the motion for new trial, and by denying the motion for new trial on its merits." *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003). Thus we have jurisdiction over this appeal and address its merits. Id.

the hearing on the motion for new trial, trial counsel testified that he informed Moore and his family that they should consider raising ineffective assistance as a claim on appeal and that they needed to obtain new counsel in order to pursue that claim. Trial counsel also testified that when the family contacted him again after having failed to retain new counsel, he once again told them that they needed to do so. We note, moreover, that even though Moore did not raise the question of trial counsel's ineffectiveness until more than six months after his conviction, the trial court appointed new counsel for the sole purpose of airing the issue both in the trial court and on appeal. Under these circumstances, we cannot say that trial counsel's performance was deficient or that the result of Moore's trial or appeal would have been different but for that performance. See, e.g., *Collins v. State*, 269 Ga. App. 164, 165-167 (603 SE2d 523) (2004) (trial court did not abuse discretion denying defendant's motion for continuance when he had not been reasonably diligent in obtaining new counsel).

(b) Moore next argues that trial counsel was ineffective because the latter's partner did not participate in the case. "The reasonableness of counsel's conduct is examined from counsel's perspective at the time of representation and under the particular circumstances of the case." *Seabolt v. State*, 279 Ga. 518, 520 (2) (616 SE2d 448) (2005).

Here, trial counsel testified at the hearing on the motion for new trial that he had years of experience in child molestation cases, that his partner made several appearances in the case, and that he had never represented that the partner would be present during the two-day trial. Moore himself admitted, moreover, that he did not complain to the trial court about the second lawyer's absence. The trial court did not err when it denied the motion for new trial on this ground. *Seabolt*, supra at 521 (2) (trial court was authorized to credit counsel's testimony in dispute over counsel's effectiveness and to deny motion for new trial on that basis).

(c) Moore alleges eight additional instances in which his trial counsel was ineffective: failing to object (i) to testimony asserting the truthfulness of other testimony, (ii) to testimony based on personal notes not served on Moore, (iii) to testimony regarding what a victim over the age of 14 had told them, (iv) to so-called "double hearsay" testimony, and (v) to testimony concerning Moore's drinking; failing to ask the trial court (vi) to inquire as to Moore's knowledge of his right to testify in his own defense, and (vii) to suppress a statement made by Moore; and (viii) failing to object to the trial court's comments in the wake of the withdrawal of a defense charge. Moore raised none of these arguments in his motion for new trial, however. He has thus waived them on appeal. *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003) (specific ineffective assistance claims not made in motion for new trial are waived on appeal); *Knowles v. State*,

245 Ga. App. 523, 526-527 (9) (538 SE2d 175) (2000) (failure to raise ineffective assistance claim in amended motion for new trial after consultation with new counsel bars consideration of claim on appeal).
*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 11, 2006 —
RECONSIDERATION DENIED APRIL 27, 2006 — 

*Melinda I. Ryals*, for appellant.
*Catherine H. Helms, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.