A07A0865. NICHOLS v. THE STATE.
(653 SE2d 300)

MIKELL, Judge.

On August 31, 1999, William David Nichols was convicted of one count of aggravated child molestation and four counts of child molestation based upon acts committed against his ten-year-old stepdaughter. He was sentenced to serve 20 years on each count, with all sentences to run concurrently. Nichols's motion for new trial, asserting that his trial counsel was ineffective, was denied on May 18, 2001. A consent order granting his motion for an out-of-time appeal was granted on October 6, 2006. On appeal, Nichols contends that the trial court erred in failing to give a limiting instruction contemporaneously with the admission of testimony as to his prior bad acts, in admitting character evidence, and in finding that counsel was effective. Nichols waived the first two claims by failing to object at trial, and we find no merit in his ineffective assistance claim. Thus, we affirm his conviction.

1. Nichols complains that the trial court erred in failing to give a limiting instruction, absent a request, prior to testimony of certain acts he committed against the victim two years before the incidents for which he was on trial. The child's mother testified that the child acknowledged that Nichols had done "things" to her while he was

[9] (Citation and punctuation omitted.) *AAA Truck Sales v. Mershon Tractor Co.*, 239 Ga. App. 469 (521 SE2d 403) (1999).

drunk, and a pediatrician testified that the child had told her that in 1995, Nichols had kissed her lips and inserted his finger into her vagina. Also, the child testified that Nichols had kissed her, rubbed against her, and put her hands on his private. Defense counsel argued that the evidence was a similar transaction and was inadmissible because the prosecution had not given advance notice as required by Rule 31.3 of the Uniform Superior Court Rules. The trial court overruled the objection and admitted this testimony pursuant to *Wall v. State*[1] as evidence of prior difficulties between Nichols and the victim. Counsel did not request a limiting instruction when the testimony was introduced, and our Supreme Court has held that a trial court is not required to give a limiting charge, in the absence of a request, contemporaneously with the admission of prior bad acts.[2] Accordingly, this argument fails.

The trial court did include a limiting instruction in its charges at the end of trial. Nichols argues, for the first time on appeal, that the trial court erroneously gave a charge on similar transaction evidence[3] instead of an instruction on prior difficulties with the victim.[4] During the charge conference, however, the court read the charge it intended to give and stated that it would not give the charge if defense counsel objected. The charge read, in part, as follows:

> Before you may consider evidence of similar offenses or transactions for any purpose, you must first find and be satisfied beyond a reasonable doubt that this Defendant is the same person to whom the evidence on similar offenses or transactions pertains. If you believe such has been proven, however, you are strictly limited in your consideration to the evidence as to the intent or the state of mind of this Defendant and for no other purpose.

Counsel stated that he was "comfortable with that language," but asked whether the court intended to use the term "prior bad acts." The court declined, and counsel stated, "that's fine."

After the court charged the jury, Nichols did not object or reserve exceptions to the charge. "It is well established that if a defendant fails to object to a charge when asked if he has any objections, and fails

---

[1] 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

[2] See *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998); accord *Clark v. State*, 278 Ga. App. 412, 419-420 (4) (629 SE2d 103) (2006) (physical precedent only); *Freeman v. State*, 269 Ga. App. 435, 438 (1) (604 SE2d 280) (2004).

[3] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Sec. 1.34.10, pp. 24-25 (3d ed. 2003).

[4] See id. at Sec. 1.34.20, p. 27.

to reserve objections, he has waived appellate review of the charge as given."[5] The only exception to this rule is when there is a substantial error in the charge that is harmful as a matter of law.[6] Under this standard, a defendant must show that "the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial."[7] Here, Nichols cannot make this showing. He contends that the instruction did not properly limit the reasons for which the jury could consider the evidence, but the excerpt quoted above clearly shows that the court properly limited the use to which it could be put — his intent or state of mind. It follows that this enumeration of error is meritless.

2. Nichols alleges that the trial court erred in admitting testimony from the victim's mother that Nichols was verbally abusive, abused alcohol, and threatened her son with a wrench. Nichols argues that such evidence improperly placed his character in issue, thereby prejudicing him. Nichols, however, failed to object to the evidence at trial; therefore, he has waived appellate review of the issue.[8]

3. Nichols contends that the trial court erred in denying his claim of ineffective assistance of counsel. He asserts that trial counsel's performance was deficient in seven respects and that these deficiencies prejudiced him.

"In order to prevail on a claim of ineffective assistance, appellant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[9] Failure to satisfy either prong of this test is fatal to an ineffectiveness claim.[10] Moreover, "[t]here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy."[11] We defer to the trial court's factual findings on this issue unless they are clearly

---

[5] (Citation, punctuation and footnote omitted.) *Chapman v. State*, 279 Ga. App. 200, 204 (2) (630 SE2d 810) (2006).

[6] Id. See OCGA § 5-5-24 (c).

[7] (Punctuation and footnote omitted.) *Overton v. State*, 277 Ga. App. 819, 821 (2) (627 SE2d 875) (2006).

[8] *Castillo v. State*, 281 Ga. 579, 584 (6) (642 SE2d 8) (2007).

[9] (Citation omitted.) *Glidewell v. State*, 279 Ga. App. 114, 121 (7) (630 SE2d 621) (2006) (whole court).

[10] *Maddox v. State*, 272 Ga. App. 440, 443 (1) (612 SE2d 484) (2005).

[11] (Punctuation and footnote omitted.) *Duvall v. State*, 273 Ga. App. 143, 147 (3) (g) (614 SE2d 234) (2005).

erroneous,[12] while "we independently apply the legal principles to the facts."[13] Finally, "we will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result."[14]

(a) Nichols contends that trial counsel was ineffective in failing to request a limiting instruction contemporaneously with the introduction of testimony of prior bad acts. Although trial counsel testified at a hearing on Nichols's motion for new trial, he was not asked why he did not request such an instruction. "In the absence of testimony to the contrary, counsel's actions are presumed strategic."[15] Thus, absent evidence to the contrary, we must presume that trial counsel's failure to request a contemporaneous limiting instruction was due to a matter of trial strategy or tactics and not due to his ineffectiveness. Moreover, trial counsel testified that he suspected that the state would attempt to introduce evidence of the 1995 incident. Counsel had obtained records concerning the incident from the Lamar County Department of Family and Children Services (DFCS). According to counsel, the records contained reports of sexual abuse of the victim by other men, and counsel's strategy in this case was to show that the victim's mother had a propensity for falsely accusing new husbands of molesting her children. Counsel testified that he hoped the jury would be so appalled that the mother had made prior false allegations of child molestation that they would acquit his client. Counsel could have strategized that a limiting charge may have caused the jury to believe that the prior event was true.

(b) Nichols asserts that trial counsel was ineffective for failing to object to bad character evidence. But evidence of Nichols's drinking was relevant to his state of mind. The victim testified that Nichols was drunk when he molested her, and Nichols testified that he was drinking before the 1995 incident. Relevant evidence is not inadmissible merely because it incidentally places a defendant's character in issue,[16] and counsel cannot be deemed ineffective for failing to make a meritless objection.[17] As to his failure to object to other testimony

---

[12] *Maddox*, supra at 442 (1).

[13] (Citation and punctuation omitted.) *Carey v. State*, 281 Ga. App. 816, 818 (2) (637 SE2d 757) (2006).

[14] (Punctuation and footnote omitted.) *Harris v. State*, 279 Ga. App. 570, 575 (3) (631 SE2d 772) (2006).

[15] (Punctuation and footnote omitted.) *Duvall*, supra. See also *Glass v. State*, 255 Ga. App. 390, 404 (10) (i) (565 SE2d 500) (2002).

[16] See *Hampton v. State*, 279 Ga. 625, 628 (6) (619 SE2d 616) (2005).

[17] See *Sims v. State*, 281 Ga. 541, 543 (2) (640 SE2d 260) (2007). See also *Scott v. State*, 261 Ga. App. 756, 760 (3) (c) (583 SE2d 579) (2003) (counsel's failure to object to state's line of questioning about defendant's drinking habits was not objectively unreasonable).

that allegedly placed his character in issue, trial counsel, who had been trying criminal cases for over 30 years, testified that "sometimes objecting for the sake of objecting . . . damages credibility with the jury." "[D]eclining to object to testimony can be considered reasonable trial strategy,"[18] and "trial tactics and strategy are not susceptible to attacks of ineffective assistance."[19] Given Nichols's inability to demonstrate that trial counsel's failure to object was anything other than trial tactics, he has not established an ineffective assistance claim.

(c) Nichols asserts that trial counsel was deficient in failing to object to certain testimony of his ex-wife, the child's mother, concerning the 1995 prior bad act on the ground that the testimony violated the marital privilege. This witness testified that in 1995, Nichols, to whom she was married at the time, took her into their bedroom, stated that he thought he "did something" to the child on the previous night, said he was sorry and would never do it again, and blamed it on his drinking. In claiming that this testimony was objectionable Nichols cites "the general rule . . . that a privilege inures to the communicator for all communications made to a spouse for all consensual marital acts of a personal nature involving married persons, where the communication or act results from a reliance upon the confidential relationship of husband and wife."[20] Nichols also cites OCGA § 24-9-21 (1), which provides that communications between husband and wife are confidential. Nichols, however, fails to address OCGA § 24-9-23 (a), which provides that "[h]usband and wife shall be competent but shall not be compellable to give evidence in any criminal proceeding for or against each other." Subsection (b) of the statute states that the marital privilege codified in OCGA § 24-9-21 "shall not apply in proceedings in which the husband or wife is charged with a crime against the person of a minor child, but such person shall be compellable to give evidence only on the specific act for which the defendant is charged." Here, Nichols was not on trial for the 1995 act. Accordingly, his ex-wife was competent, although not compellable, to testify concerning the 1995 act. Furthermore, "the privilege of refusing to testify belongs to the witness, not to the defen-

---

[18] (Footnote omitted.) *Brown v. State*, 280 Ga. App. 884, 889 (5) (635 SE2d 240) (2006); see *Horne v. State*, 273 Ga. App. 132, 133 (4) (614 SE2d 243) (2005) (counsel's failure to object to irrelevant questions which placed defendant's character in evidence not ineffective in child molestation case).

[19] *Boyt v. State*, 286 Ga. App. 460, 462 (2) (a) (649 SE2d 589) (2007).

[20] *White v. State*, 211 Ga. App. 694, 695 (3) (440 SE2d 68) (1994) (wife's testimony that she and defendant "engaged in . . . anal intercourse" regularly violated marital privilege and warranted reversal of defendant's conviction for rape, aggravated sodomy, and child molestation of his two-year-old granddaughter).

dant."[21] In this case, Nichols's ex-wife did not invoke her privilege, and we have expressly held that a spouse may waive her privilege by voluntarily taking the stand and testifying.[22] Accordingly, trial counsel was not ineffective for failing to object to the testimony of Nichols's ex-wife on the basis of marital privilege, as the trial court ruled in denying the motion for new trial.

(d) Nichols next alleges that trial counsel was deficient for failing to seek redress based upon the state's violation of the criminal discovery statute, OCGA § 17-16-1 et seq. Even if, as Nichols argues, the state should have produced DFCS records, any failure to do so was harmless. Trial counsel testified that he filed a motion asking the court to issue a subpoena to DFCS for the records in question and that DFCS produced the records. Nichols does not show that a continuance would have been beneficial to him and his counsel cannot be said to be deficient for failing to request one.

In addition, Nichols asserts that his trial counsel was ineffective for failing to obtain certain exculpatory information concerning the 1995 incident. At the new trial hearing, Nichols's new attorney introduced an indictment charging Nichols with child molestation as a result of the incident, a warrant accusing him of simple battery, and a waiver of prosecution signed by the child's mother requesting that both charges be dismissed. Trial counsel testified that he had not seen the documents but was aware that the case had been dismissed. Nichols alleges that counsel's failure to obtain the documents was due either to a lack of proper investigation or failure to pursue the discovery to which the defense was entitled. But trial counsel filed a motion seeking disclosure of all exculpatory and impeaching information and cannot be faulted for the state's failure to disclose it. In addition, we note that counsel thoroughly cross-examined the child's mother on her failure to prosecute the 1995 incident. The mother admitted that she "screwed up" her handling of the matter. Although the introduction of the documents could have served to impeach the witness, we cannot say that trial counsel's failure to discover this evidence constituted assistance so ineffective that it undermined the proper functioning of the adversarial process.[23] "The Constitution does not guarantee representation by a lawyer who is errorless or who is deemed ineffective after the fact, but one who renders reasonably

---

[21] (Punctuation omitted.) *Biswas v. State*, 255 Ga. App. 339, 342 (1) (565 SE2d 531) (2002), citing *Brown v. State*, 261 Ga. 66, 70 (5) (b) (401 SE2d 492) (1991). See also *Chancey v. State*, 256 Ga. 415, 437 (12) (349 SE2d 717) (1986), cert. denied, 481 U. S. 1029 (107 SC 1954, 95 LE2d 527) (1987); *Duncan v. State*, 232 Ga. App. 157, 159 (1), n. 2 (500 SE2d 603) (1998).

[22] *Biswas*, supra, citing *Duncan*, supra at 158 (1).

[23] See *Garrett v. State*, 285 Ga. App. 282, 286 (5) (a) (645 SE2d 718) (2007).

effective assistance."[24] And, "[w]e do not judge effectiveness of counsel by hindsight or by what present counsel would have done."[25]

(e) Nichols asserts that trial counsel was deficient for failing to object to testimony which bolstered the credibility of the child's testimony and of child hearsay testimony. Nichols did not raise this argument in his motion for new trial or in either of two hearings held thereon, however. He has thus waived it on appeal.[26]

(f) Nichols contends that trial counsel should have hired a forensic psychiatrist to challenge the techniques used by the police and DFCS to interview the child. Nichols also argues that counsel failed to address adequately the sufficiency of the child hearsay testimony. At the first hearing on Nichols's motion for new trial, Nichols proffered the testimony of a psychiatrist who reviewed the state's videotaped interview of the child. This expert testified that the apparent bias of the interviewers contaminated the interview; that the interviewers improperly injected leading facts into their questions; and that, based on his 35 years of experience in reviewing similar videotapes, "this is the worst one [he has] seen." The trial court commented that it could "almost take judicial notice" that the interview techniques of this qualified psychiatrist would be better than those of a police investigator and a social worker. The court pointed out, however, that the issue was whether the videotape was legally admissible, and the expert was not able to give an opinion on that issue. In any event, Nichols has failed to demonstrate a reasonable possibility that this expert's testimony would have resulted in a different outcome at his trial.[27]

Although such expert testimony concerning interviewing techniques of children is admissible in molestation cases,[28] "[t]he decision on whether to call an expert witness is one of trial strategy."[29] Trial counsel testified at the second hearing on the motion for new trial that he did not consult an expert on interviewing techniques because after reviewing the videotape, he determined that the factors outlined in *Gregg v. State*[30] had been met. We note that trial counsel filed

---

[24] (Citation omitted.) *Phillips v. State*, 277 Ga. 161, 163 (b) (587 SE2d 45) (2003).

[25] (Citation and footnote omitted.) *Madge v. State*, 245 Ga. App. 848, 852 (3) (a) (538 SE2d 907) (2000).

[26] *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003) (specific ineffective assistance claims not made in motion for new trial are waived on appeal); accord *Moore v. State*, 279 Ga. App. 105, 106 (2) (c) (630 SE2d 557) (2006).

[27] See *Weeks v. State*, 270 Ga. App. 889, 894-895 (3) (a) (608 SE2d 259) (2004).

[28] See *Barlow v. State*, 270 Ga. 54, 55 (507 SE2d 416) (1998).

[29] *Weeks*, supra at 894 (3) (a).

[30] 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991) (setting forth factors for consideration when determining whether child hearsay statements provide sufficient indicia of reliability pursuant to OCGA § 24-3-16).

three pretrial motions seeking to exclude or restrict child hearsay statements pursuant to OCGA § 24-3-16 and *Gregg* and, at trial, required the state to lay a proper foundation for the use of child hearsay. Trial counsel's performance was not deficient in this regard, and his decision not to call an expert was one of reasonable trial strategy.[31] The trial court did not err in denying Nichols's claim of ineffectiveness on this ground.

(g) Finally, Nichols asserts that trial counsel was ineffective by "insisting" that Nichols testify. This assertion is belied by the record. Trial counsel testified he discussed Nichols's potential testimony with Nichols and advised him of his right to remain silent but that he "was very adamant about testifying." "The decision whether or not to testify is a tactical one made by the defendant himself after consultation with counsel. The choice of whether to testify is ultimately a defendant's."[32] "We will not second-guess tactical decisions made at trial."[33]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 17, 2007 —
RECONSIDERATION DENIED OCTOBER 30, 2007.

*Joyce A. Bussey, William A. Adams, Jr.*, for appellant.
*Scott L. Ballard, District Attorney*, for appellee.

[31] See *Weeks*, supra.
[32] (Footnotes omitted.) *Chambers v. State*, 266 Ga. 39, 42 (3) (463 SE2d 887) (1995).
[33] (Footnote omitted.) *Giddens v. State*, 276 Ga. App. 353, 357 (3) (b) (623 SE2d 204) (2005).