**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 17, 2018**

# In the Court of Appeals of Georgia

A18A1074. SHEPARD v. THE STATE.

BETHEL, Judge.

Following a jury trial, Charles Shepard was found guilty of aggravated assault and aggravated battery. Shepard appeals the trial court's denial of his motion for new trial, arguing that he was denied due process of law when the trial court allowed the State to make improper statements about Shepard during closing arguments. For reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, Charles Shepard was indicted as a recidivist on charges of armed robbery, aggravated battery, and aggravated assault. At a motions hearing prior to trial, Shepard waived his right to counsel and elected to proceed to trial as a pro se defendant. Following a two-day trial, Shepard was convicted of one count each for aggravated assault and aggravated battery.

Shepard filed a motion for new trial alleging, *inter alia*, that the trial court committed plain error by allowing the State to argue during its closing summation that the defendant had a propensity for violence. The trial court denied the motion, and this appeal followed.

On appeal, Shepard argues primarily that the trial court committed plain error when it allegedly permitted the State to make improper remarks suggesting Shepard had a propensity for violence during closing arguments. More specifically, Shepard contends that the trial court's failure to intervene and provide curative instructions to the jury on the State's improper argument denied him of his right to a fair trial and due process of law. In light of our Supreme Court's holding in *Gates v. State*, this argument lacks merit. 298 Ga. 324, 328-29 (4) (781 SE2d 772) (2016).

In *Gates*, the defendant, who was on trial for malice murder and other crimes in connection with a shooting, alleged that the prosecutor engaged in prosecutorial misconduct by making statements about the defendant's propensity to use guns during his closing, and that the trial court committed plain error by allowing the prosecutor to make such statements. *Id*. at 328 (4). In support of his argument, the defendant cited portions of the prosecutor's closing argument where the prosecutor encouraged the jury to "connect the dots" between eyewitness testimony and other testimonial

2

evidence, such as the defendant's past possession of guns and the fact that the defendant possessed a loaded gun at the time he was arrested. *Id*. Our Supreme Court found that because the defendant did not object to the prosecutor's statements during closing argument, he waived appellate review. *Id*. at 328-29 (4). Specifically, the Supreme Court held that notwithstanding Georgia's new evidence code,[1] errors based on improper remarks during closing argument are not subject to plain error review because what is said during closing arguments is not evidence. *Id*. at 328-29 (4).

Here, it is undisputed that Shepard did not object to the State's argument during its closing. Thus, under our Supreme Court's analysis in *Gates*, Shepard "waived review of his arguments relating to the allegedly improper closing argument due to his failure to object below." *Id*. at 329 (4) (citation omitted). Furthermore, we are unpersuaded by Shepard's contention that *Gates* is distinguishable from the facts here simply because the defendant in *Gates* was represented by counsel, whereas in the present case, Shepard tried his case as a pro se defendant. This is a distinction without a difference.

---

[1] Under Georgia's new evidence code, specifically OCGA § 24-1-103 (d), courts are authorized to take notice of plain errors concerning the admission or exclusion of evidence absent an objection at trial. *See Jones v. State*, 299 Ga. 40, 42 (2) (785 SE2d 886) (2016).

As our Court has previously concluded:

> Our laws governing criminal procedure are designed to ensure that defendants receive a fair trial. Defendants are free to waive the protections provided by such laws, assuming all the risks attendant thereto. A defendant is not free, however, to play one right against another with the hope of creating error. Neither may a defendant who has knowingly waived counsel then complain of a lack of counsel when he determines that the judge's warnings were valid. Under such circumstances, the defendant's problems are of his own making, and he is bound by his poor choices.

*Sims v. State*, 265 Ga. App. 476, 477 (1) (594 SE2d 693) (2004) (citation omitted).

The record before us demonstrates that Shepard was made aware of the dangers of self-representation by the trial court during a *Faretta* hearing two months prior to trial. *See Wiggins v. State*, 298 Ga. 366, 368 (782 SE2d 31) (2016) citing *Faretta v. California*, 422 U. S. 806, 835-36 (95 SCt 2525, 45 LE2d 562) (1975). Shepard was advised in open court of his rights with regard to counsel, and the trial court strongly urged him not to represent himself. Shepard was specifically told that he would not receive any special treatment as a pro se defendant, and despite his lack of experience and knowledge of the law and legal procedure, he would assume the full

responsibility of his defense. Nevertheless, Shepard knowingly and intelligently waived his right to counsel and memorialized his decision in writing.

Shepard's pro se status did not relieve him of his obligation to object to the State's allegedly improper statements during closing argument. This Court will not hold Shepard to a different or more lenient standard merely because he elected to proceed pro se. "One who knowingly elects to represent himself assumes full responsibility for complying with the substantive and procedural requirements of the law." *Quinn v. State*, 253 Ga. App. 570, 572 (2) (560 SE2d 58) (2002) (citation omitted).

*Judgment affirmed. Ellington, P. J., and Gobeil, J., concur*.